United States District Court
For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    RODOLFO VELASQUEZ,

10            Plaintiff,                        No. C 08-02520 JSW

11        v.

12   CAROL A. CROTEAU and UNITED              **ORDER DENYING PLAINTIFF'S**
     STATES POSTAL SERVICE,                   **APPLICATION FOR**
13                                            **TEMPORARY RESTRAINING**
            Defendants.                       **ORDER**
14   _____/

15

16          Now before the Court is the *ex parte* application for a temporary restraining order

17   ("TRO")[1] filed by plaintiff Rodolfo Velasquez ("Plaintiff").  Having considered the parties'

     arguments, relevant legal authority, and having had the benefit of oral argument, the Court

18   DENIES Plaintiff's application for a TRO.

19                                   **BACKGROUND**

20          Plaintiff alleges that defendants Carol A. Croteau and the United States Postal Service

21   (collectively, "Defendants") violated his civil rights as guaranteed by the Americans With

22   Disability Act ("ADA") and his labor agreement by "arbitrarily removing him from his job bid

23   position, and assigning him arbitrarily to a position that he cannot perform physically." (*Ex*

24   *Parte* Application, p. 2.)  Plaintiff contends that starting on May 24, 2007, Defendants are

25   requiring him to perform a position that he cannot physically perform due to his disability. (*Id.*,

26   p.3.)

27

28

          [1] Because Plaintiff is *pro se*, the Court construes the document entitled "Ex Parte
     Application for Order Shortening Time for Hearing on Plaintiff's Motion for Temporary
     Restraining Order" as an *ex parte* application for a TRO.

United States District Court
For the Northern District of California

1    In response to Plaintiff's *ex parte* application, Defendants explained that the United

2    States Postal Service ("USPS") has construed Plaintiff's complaint and *ex parte* application as a

3    constructive request to the District Reasonable Accommodation Committee ("DRAC") for a

4    reasonable accommodation and has scheduled a meeting for Plaintiff on the morning of May 28,

5    2008.  (Declaration of Carol A. Croteau ("Croteau Decl."), ¶ 13.)  Moreover, Defendants will

6    not require Plaintiff to perform any duties outside of his current medical restrictions until the

7    DRAC has made a ruling and will continue to provide Plaintiff with his regular pay in the

8    meantime.  (*Id*.)  Defendants also argue that this Court lacks subject matter jurisdiction based on

9    Plaintiff's failure to exhaust his administrative remedies before filing this suit.

10                                              **ANALYSIS**

11   A.       **Applicable Legal Standards.**

12              To prevail on a motion for temporary restraining order or to receive preliminary

13   injunctive relief, the moving party bears the burden of demonstrating either (1) a combination of

14   probable success on the merits and the possibility of irreparable injury or (2) the existence of

15   serious questions as to success on the merits and irreparable injury along with a sharp tipping of

16   the balance of hardships in favor of the moving party.  *Stahlbarg Int'l Sales*, 240 F.3d at 839-

17   840.  These alternative standards are "not separate tests but the outer reaches of a single

18   continuum."  *International Jensen, Inc. v. Metrosound U.S.A.*, 4 F.3d 819, 822 (9th Cir. 1993).

19   "Because injunctive relief prior to trial is a harsh and extraordinary remedy, it is to be granted

20   sparingly and only in cases where the issues are clear and well defined and the plaintiff has

21   established a reasonable certainty of prevailing at trial."  *Watermark, Inc. v. United Stations,*

22   *Inc.*, 219 U.S.P.Q. 31, 32-33 (C.D. Cal. 1982) (*citing Dymo Industries, Inc. v. Tapeprinter, Inc.*,

23   326 F.2d 141 (9th Cir. 1964)).

24   B.       **Plaintiff's TRO Shall Be Denied.**

25              Plaintiff fails to demonstrate either that he has any chance of success on the merits or

26   that he will suffer irreparable injury.  First, the Court lacks subject matter jurisdiction to hear

27   Plaintiff's claim at issue in his TRO due to his failure to exhaust his administrative remedies.

28   Although Plaintiff states that he brings a claim under the ADA, the federal government is not an

**United States District Court**
For the Northern District of California

1    employer within the meaning of the ADA, and thus, Plaintiff's disability claim must proceed

2    under the Rehabilitation Act.  *See* 42 U.S.C. § 12111(5)(B)(I); *see also Jordan v. Evans*, 404 F.

3    Supp. 2d 28, 30 (D.D.C. 2005) (holding that a federal employee has no remedy for employment

4    discrimination under the ADA because the statute expressly provides that the term "employer"

5    does not include the United States, but that a federal employee may bring an employment

6    discrimination claim under the Rehabilitation Act).  However, to bring a claim under the

7    Rehabilitation Act, Plaintiff must first exhaust his administrative remedies.  *See Leong v. Potter*,

8    347 F.3d 1117, 1121-22 (9th Cir. 2003).  Plaintiff has not yet done so.  (Declaration of Robert

9    E. Connell, ¶¶ 3-5.)  Therefore, the Court does not have jurisdiction to hear his claims of

10   employment discrimination based on his disability.  *Leong*, 347 F.3d at 1122 ("substantial

11   compliance with the exhaustion requirement is a jurisdictional prerequisite").

12          Second, in light of the Defendants' representations that Plaintiff will not be required to

13   perform any duties outside of his current medical restrictions until the DRAC has made a ruling

14   and that he will continue to be provided with his regular pay in the meantime, Plaintiff has not

15   demonstrated that he will suffer irreparable injury.[2]

16          Accordingly, the Court DENIES Plaintiff's application for a TRO.

17                                          **CONCLUSION**

18          For the foregoing reasons, the Court Plaintiff's application for a TRO is HEREBY

19   DENIED.

20          **IT IS SO ORDERED.**

21

22   Dated:  May 27, 2008

23                                          _____
                                            JEFFREY S. WHITE
                                            UNITED STATES DISTRICT JUDGE

24

25

26

27

28          [2] At the hearing, Plaintiff argued that he would suffer injury by being required to
     work the night shift, which is the shift to which he was apparently reassigned.  However,
     Plaintiff could not identify any injuries he believed he would suffer from having the time of
     his shift altered for which he could not be compensated.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RODOLFO VELASQUEZ,

           Plaintiff,

  v.

CAROL A. CROTEAU et al,

           Defendant.

                                    /

Case Number: CV08-02520 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 27, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rodolfo Velasquez
58 Lobos Street
San Francisco, CA 94112

Dated: May 27, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

United States District Court
For the Northern District of California

4