1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney
2  JOANN M. SWANSON (CABN 88143)
   Chief, Civil Division
3  NEILL T. TSENG (CABN 220348)
   Assistant United States Attorney
4
       450 Golden Gate Avenue, Box 36055
5      San Francisco, California 94102-3495
       Telephone: (415) 436-7155
6      FAX: (415) 436-6748
       neill.tseng@usdoj.gov
7
   Attorneys for Defendants
8
                           UNITED STATES DISTRICT COURT
9
                          NORTHERN DISTRICT OF CALIFORNIA
10
                                SAN FRANCISCO DIVISION
11
   RODOLFO VELASQUEZ,                )   No. C 08-02520 JSW
12                                   )
          Plaintiff,                 )   DEFENDANTS' NOTICE OF MOTION
13                                   )   AND MOTION TO DISMISS
      v.                             )
14                                   )   Date: August 29, 2008
   CAROL A. CROTEAU, Manager Personnel )  Time: 9:00 a.m.
15 Services, and UNITED STATES POSTAL )   Place: Courtroom 2, 17th Floor
   SERVICE,                          )   Honorable Jeffrey S. White
16                                   )
          Defendants.                )
17 _____ )

18       **PLEASE TAKE NOTICE** that Defendants Carol A. Croteau, Manager Personnel

19 Services, and the United States Postal Service will move this Court on August 29, 2008 at 9:00

20 a.m. in Courtroom 2, 17th Floor, United States Federal Building, 450 Golden Gate Ave., San

21 Francisco, California, before the Honorable Jeffery S. White, United State District Judge, for an

22 order dismissing all claims in the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and

23 Fed. R. Civ. P. 12(b)(6). The motion is based on this notice, the memorandum of points and

24 authorities, all the matters of record filed with the Court, and such other evidence as may be

25 submitted.

26                              **STATEMENT OF RELIEF**

27       Defendants move for an order dismissing all claims in the complaint for lack of subject

28 matter jurisdiction and/or for failure to state a claim.

DEFENDANTS' MOTION TO DISMISS
C 08-02520 JSW                            1

**ISSUES TO BE DETERMINED**

1. Whether Plaintiff's claim under the Americans with Disabilities Act (the "ADA") should be dismissed because the ADA does not apply to the federal government.

2. Whether Plaintiff's claim for misrepresentation and deceit is barred by sovereign immunity.

3. Whether Plaintiff's claim for misrepresentation and deceit should be dismissed for failure to exhaust administrative remedies.

4. Whether the complaint fails to state a contempt claim.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION.**

Plaintiff Rodolfo Velasquez ("Velasquez" or "Plaintiff") erroneously believes that he is in a bid, or assigned, position, which is essentially a permanent position, when he is actually in an unassigned position. In April 2008, Velasquez was informed that his position was being eliminated pursuant to a district-wide downsizing, and was advised to bid on available vacant positions or else be assigned to any positions remaining after all other choices had been exhausted. Velasquez did not bid, and therefore was assigned to be a mail processing clerk effective May 24, 2008. Velasquez was also advised that he should request a reasonable accommodation for any medical restrictions by submitting a form to the District Reasonable Accommodation Committee (the "DRAC"). Instead of doing so, or filing any sort of administrative grievance, Velasquez went straight to this Court and filed an application for a temporary restraining order (a "TRO"). This Court denied the application on May 27, 2008. (Docket #16.) The complaint should now be dismissed for lack of subject matter jurisdiction and/or for failure to state a claim.

**II.    STATEMENT OF FACTS**

Plaintiff has been an unassigned Mail Processing Clerk since beginning full-time employment with the United States Postal Service (the "USPS") in 1984. Decl. of Carol A. Croteau (filed May 22, 2008) ("Croteau Decl.") ¶ 4. Most recently, before being assigned to the position at issue in this litigation, he was an unassigned Mail Processing Clerk, level PS-05, in

the San Francisco Processing and Distribution Center. Id. By "unassigned," that means Plaintiff did not have a permanent position but had the right to bid on assigned positions. Id. ¶ 3. Employees in assigned, or bid, positions, have a permanent position unless the position is changed, abolished, or downsized. Id. Although the USPS has advised Plaintiff several times over the years to bid on positions, see Compl. at Exs. 2, 4, 5, he has never done so, Croteau Decl. ¶ 5.

On August 7, 2007, the San Francisco district began a downsizing pursuant to Article 12 of the Agreement Between the United States Postal Service and American Postal Workers Union, AFL-CIO (the "2006 National Agreement"). Id. ¶ 6; Ex. A at 56-70.[1] Pursuant to that downsizing, the USPS sent Velasquez a letter dated April 15, 2008, requiring him to bid on positions by May 1, 2008, or else be assigned to any of the available positions remaining after all the choices had been exhausted, pursuant to Article 37, Section 4 of the 2006 National Agreement. Croteau Decl. ¶ 7; Ex. B. Sixty-one other unassigned employees received a similar notice. Croteau Decl. ¶ 8; Ex. C.

Plaintiff did not bid on a position and therefore was assigned effective May 24, 2008, to the job of Mail Processing Clerk, at the same PS-05 level, at the North Peninsula Delivery and Distribution Center in Burlingame, California, in accordance with Article 37.4.C.5 of the 2006 National Agreement. Croteau Decl. ¶ 9; Exs. A at 193-94, D, E. Via letter dated April 28, 2008, Plaintiff was also notified that he should submit a reasonable accommodation form, which was enclosed, to the DRAC with respect to any medical restrictions. Croteau Decl. ¶ 11; Ex. F. Plaintiff failed to do so. Croteau Decl. ¶ 12.

Instead, he filed a complaint and TRO Application in this action on May 19, 2008, naming as defendants "Carol A. Croteau, Manager Personnel Services," as well as the USPS. Plaintiff alleges claims for disability discrimination under the ADA (Compl. §§ IV - VI), for misrepresentation and deceit (Compl. § VII), and for contempt (Compl. § IX).

The USPS construed Plaintiff's complaint and TRO Application as a constructive request

---

[1] Exhibits A through G cited to in this motion are attached to the Croteau Decl. filed on May 22, 2008.

DEFENDANTS' MOTION TO DISMISS
C 08-02520 JSW                           3

to the DRAC for a reasonable accommodation, and scheduled a meeting for Velasquez on May 28, 2008, at 10:30 a.m.  Croteau Decl. ¶ 13; Decl. of Adam Alvarez (filed concurrently herewith) ("Alvarez Decl.") ¶ 3; Ex. A attached to Alvarez Decl.  However, Velasquez did not show up to that meeting.  Alvarez Decl. ¶ 5.  Nor has Velasquez shown up for work since May 29, 2008, and he has been considered Absent Without Leave (AWOL) since that date.  Decl. of Jovencio Ramiro (filed concurrently herewith) ¶ 3; Ex. H, attached hereto.  Velasquez did request EEO counseling concerning his May 24, 2008 assignment to the Burlingame facility, but has not filed an EEO complaint regarding that assignment.  Second Decl. of Robert E. O'Connell (filed concurrently herewith) ("Second O'Connell Decl.") ¶¶ 4-10; Exs. A, B attached to Second O'Connell Decl.

### III. LEGAL STANDARD

#### A. Rule 12(b)(1) Standard.

A Rule 12(b)(1) motion can attack either the sufficiency of the pleadings to establish federal jurisdiction or challenge the substance of the jurisdictional allegations despite the formal sufficiency of the complaint.  Thornhill Publ. Co. v. Gen'l Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979).  When a motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, the standard is the same as under a Rule 12(b)(6) motion.  See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988).

When a defendant challenges the actual lack of jurisdiction, the plaintiff's allegations are not presumed to be truthful, and the plaintiff has the burden of proving that the court has jurisdiction.  Thornhill Publ. Co., 594 F.2d at 733 (citation omitted).  The court may look beyond the complaint to matters of public record without converting the motion into one for summary judgment.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000) (citations omitted).

#### B. Rule 12(b)(6) Standard.

Fed. R. Civ. P. 12(b)(6) permits dismissal upon the "failure to state a claim upon which relief can be granted."  Dismissal may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.  See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530,

1  533-34 (9th Cir. 1984)).   Review is limited to the contents of the complaint, and all allegations
2  of material fact are taken as true and construed in the light most favorable to the nonmoving
3  party.  See Federation of African Amer. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th
4  Cir. 1996) (citations omitted).

5     The Supreme Court emphasized last year in Bell Atlantic Corp. v. Twombly, 127 S. Ct.
6  1955, 1965 (2007), that "[f]actual allegations must be enough to raise a right to relief above the
7  speculative level."  The Supreme Court also warned that  "a plaintiff's obligation to provide the
8  'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic
9  recitation of the elements of a cause of action will not do."  Id. at 1964-65.  Thus, this Court need
10 not "assume the truth of legal conclusions merely because they are cast in the form of factual
11 allegations," Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981) (citations
12 omitted), and  "conclusory allegations of law and unwarranted inferences are insufficient to
13 defeat a motion to dismiss for failure to state a claim,"  In re Syntex Corp. Sec. Litg., 95 F.3d
14 922, 926 (9th Cir. 1996).

15 **IV.**  **ARGUMENT**

16   **A.**  **The ADA Claim Should Be Dismissed Because the ADA Does Not Apply to the Federal Government.**

18    Plaintiff's claim for disability discrimination under the ADA should be dismissed.  The
19 ADA is unavailable to Velasquez as a federal employee because "[t]he ADA explicitly exempts
20 the federal government from coverage. Section 12111(5)(B)(I) specifies that the term 'employer'
21 as used in the ADA does not include 'the United States government, a corporation wholly owned
22 by the government of the United States, or an Indian tribe.'"  Bolden v. Ashcroft, 515 F. Supp. 2d
23 127, 137 (D.D.C. 2007) (citing 42 U.S.C. § 12111(5)(B)(I)).  Instead, Velasquez must proceed
24 under the Rehabilitation Act.  See Jordan v. Evans, 404 F. Supp. 2d 28, 30 (D.D.C. 2005)
25 (stating that a federal employee has no remedy for employment discrimination under the ADA
26 and that the Rehabilitation Act provides the exclusive remedy for a federal employee's disability
27 discrimination claim if administrative remedies are first exhausted); see also Boyd v. United
28 States Postal Serv., 752 F.2d 410, 413 (9th Cir. 1985) (holding that section 501 of the

1  Rehabilitation Act is the exclusive remedy for employment discrimination by a federal agency on
2  the basis of handicap).
3       Even if the Court were to construe Plaintiff's claim as arising under the Rehabilitation
4  Act, it would be without jurisdiction to hear the claim. A plaintiff must first exhaust
5  administrative remedies before pursuing a Rehabilitation Act claim in district court. See Leong
6  v. Potter, 347 F.3d 1117, 1121-22 (9th Cir. 2003); Leorna v. United States Dept. of State, 105
7  F.3d 548, 550 (9th Cir. 1997). Plaintiff has failed to do so. Although he requested EEO
8  counseling regarding his reassignment to Burlingame, he has not filed an EEO complaint.
9  Second O'Connell Decl. ¶¶ 4-10; Exs. A, B attached to Second O'Connell Decl. As a result, this
10 Court is without jurisdiction to hear any claim that may arise under the Rehabilitation Act. See
11 Leong, 347 F.3d at 1122 (holding that "substantial compliance with the exhaustion requirement
12 is a jurisdictional pre-requisite").

    **B.**    **The Court Lacks Jurisdiction Over Plaintiff's Misrepresentation and Deceit Claim.**

        **1.**    **The Claim is Barred by Sovereign Immunity.**

15      The federal government enjoys immunity from suit "except to the extent that it has
16 unequivocally consented to litigation against itself." LaBarge v. County of Mariposa, 798 F.2d
17 364, 366 (9th Cir. 1986). The FTCA acts as a limited waiver of this sovereign immunity for tort
18 claims. Cadwalder v. United States, 45 F.3d 297, 300 (9th Cir. 1995). In alleged torts
19 committed by employees of the United States in the scope of their employment, the FTCA is the
20 exclusive remedy against the United States. 28 U.S.C. § 2679(b)(1). Here, Plaintiff has sued
21 defendant Croteau in the scope of her employment, naming her in the caption of the complaint as
22 "Carol A. Croteau, Manager Personnel Services."
23      Plaintiff's misrepresentation and deceit claim is barred by sovereign immunity because
24 there is a statutory exception to the FTCA's waiver of sovereign immunity for misrepresentation
25 and deceit claims. See 28 U.S.C. § 2680(h). That statutory exception deprives the Court of
26 jurisdiction over Velasquez's claim. See Mundy v. United States, 983 F.2d 950, 952 (9th Cir.
27 1993) ("When a claim falls within a statutory exception to the FTCA's waiver of sovereign

immunity, the court is without subject matter jurisdiction to hear the case.").

### 2. Plaintiff Has Not Exhausted Administrative Remedies.

Even if Plaintiff's misrepresentation and deceit claim was not barred by sovereign immunity, it would warrant dismissal for failure to exhaust administrative remedies. The FTCA requires a plaintiff to submit an administrative claim before filing suit in federal court:

> In a claim for damages against the United States, an independent cause of action must first be submitted for administrative review before that claim can be filed in federal court. See 28 U.S.C. § 2675(a). Where such a claim is not first presented to the appropriate agency, the district court, pursuant to Federal Rule of Civil Procedure 12(b)(1), must dismiss the action for lack of subject matter jurisdiction. See McNeil v. United States, 508 U.S. 106 [parallel citations omitted] (1993).

Goodman v. United States, 298 F.3d 1048, 1054-55 (9th Cir. 2002).

Plaintiff has not submitted an administrative claim regarding the misrepresentation and deceit claim. Second Decl. of Linda K. Crump (filed concurrently herewith) ¶¶ 4-6. Thus, the Court lacks jurisdiction over that claim.

### C. The Complaint Fails to State a Contempt Claim.

The complaint at section IX contains a claim that Defendants are acting in contempt of court. Velasquez admits, however, that "Plaintiff at the filing of this claim did not submit more information of said lawsuit other than mention it . . . and he has not time at this time to provide more details of the mentioned lawsuit adjudged in this Court." Compl. ¶ 35. Since then, Plaintiff has filed no other pleading or document identifying the alleged lawsuit. Defendant is not aware of which lawsuit Plaintiff is referring to,[2] and his vague "mention" of a claim without any details fails to satisfy Fed. R. Civ. P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Therefore, the claim should be dismissed under Rule 12(b)(6). Cf. Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003) ("To survive a motion

---

[2] According to PACER, Velasquez has filed four previous claims against the USPS in this court (95-1579 CW, 92-3079 BAC, 99-3789 MJJ, and 92-5006 BZ). It appears from the docket sheets that all of those actions were dismissed. See 95-1579 CW (Docket #29, 32); 92-3079 BAC (Docket #42, 56, 61), 99-3789 MJJ (Docket #13, 16), 92-5006 BZ (Docket #104).

DEFENDANTS' MOTION TO DISMISS
C 08-02520 JSW                                    7

1  to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only
2  the minimal notice pleading requirements of Rule 8(a)(2).").

## V.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss should be granted.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

DATED: July 18, 2008                          /s/
                                     NEILL T. TSENG
                                     Assistant United States Attorney

Exhibit H

2008-Jun-06 11:03 AM USPS - Burlingame, CA 6505521090     3/4

**SAN FRANCISCO DISTRICT**
NORTH PENINSULA DELIVERY DISTRIBUTION CENTER

**UNITED STATES POSTAL SERVICE**

DATE: JUNE 3, 2008           Certified # 7004 2510 0000 0994 6010
                             Delivery confirmation#: _____

RODOLFO VELASQUEZ
58 LOBOS STREET
SAN FRANCISCO, CA 94112

SUBJECT: ABSENCE WITHOUT LEAVE

A review of Postal Service records indicates you have been absent from your official duties since May 29, 2008. To date, you have failed to provide acceptable documentation to justify your continued absence. You have also failed to follow leave requesting procedures by not calling in to notify your supervisor you would be unable to report for duty.

In light of the foregoing, you have been considered Absent Without Leave (AWOL) since 5/29/2008. AWOL is always considered a serious offence that cannot and will not be tolerated.

Immediately upon receipt of this letter you are directed to contact me at (650)-552-1000 to discuss your duty status. Additionally within three (3) days of your receipt of this letter, you are directed to provide me with acceptable evidence of your inability to report for duty as scheduled and the anticipated duration of your absence from duty.

If your absence is related to illness or injury, you are directed within three (3) days of your receipt of this letter to provide me with acceptable medical documentation of your incapacity for duty in accordance with Section 513.36 of the Employee and Labor Relations Manual (ELM). That section of the ELM requires that for absences in excess of 3 days, employees are required to submit documentation or other acceptable evidence of incapacity for work. Such Documentation should be furnished by the employee's attending physician or other attending practitioner. The documentation should provide an explanation of the nature of the employee's illness or injury sufficient to indicate to management that employee was (or will be) unable to perform his or her normal duties for the period of absence. Normally, medical statements such as "under my care" or "received treatment" are not acceptable evidence of incapacitation to perform duties.

<u>Your failure to follow each of the directives set forth in this letter may result in your removal from the Postal Service.</u>

1625 ROLLINS RD
BURLINGAME CA 94010-2301
650-552-1001
FAX: 650-552-1020

2008-Jun-06 11:03 AM USPS - Burlingame, CA 6505521090                                        4/4

AWOL Inquiry and FMLA Notification – page 2
RODOLFO VELASQUEZ – PL 141
EID: 03090861

If you intend to claim your absence from duty has been due to illness, injury, or is protected under the Family Medical Leave Act, and/or you will be returning to duty at some future date, the following information is applicable to you:

Enclosed you will find a Publication 71 and a form WH-380. The WH-380 should be completed by your health care provider and returned to the Postal Service if you believe you were unable to report for duty for reasons covered under the Family Medical Leave Act (FMLA).

Section 865.1 of the Employee and Labor Relations Manual states that a return-to-work Clearance "may be required for absences due to an illness, injury, outpatient medical procedure (surgical), or hospitalization when management has a reasonable belief, based upon reliable and objective information, that:

    a  The employee may be able to perform the essential functions of his/her position, or
    b  The employee may pose a direct threat to the health or safety of him/herself or others due to that medical condition."
       And....

Section 865.4 states that, "All medical certifications must be detailed medical documentation and not simply a statement that an employee may return to work. There must be sufficient information to make a determination that the employee can perform the essential functions of his/her job, and any symptoms that could create a job hazard for the employee or other employees. The occupational health nurse administrator, occupational health nurse, or the Postal Service's physician evaluates the medical report and, when required, assists placing employees in jobs where they can perform effectively and safely."

Your failure to provide the medical report prior to your scheduled return to duty may result in your return being delayed because the report must be reviewed by a medical officer or contract physician prior to your actual return to duty

If you have any question or need additional information, please contact me at (650)-552-1000.

JOVENCIO RAMIRO
A/MGR/OPERATIONS
North Peninsula Delivery Distribution Center

Attachments: (Publication 71, Form WH-380)
cc:    Mgr. NPDDC

1625 ROLLINS RD
BURLINGAME CA 94010-2301
650-552-1100
FAX: 650-552-1090

2008-Jun-06 11:02 AM USPS - Burlingame, CA 6505521090 2/4

**SAN FRANCISCO DISTRICT**
NORTH PENINSULA DELIVERY DISTRIBUTION CENTER

**UNITED STATES POSTAL SERVICE**

DATE:   JUNE 3, 2008                    Certified #  7004 2510 0000 0994 6010

SUBJECT   CARRIER DELIVERY AND CERTIFICATION

TO   Manager, Carrier Station
     San Francisco, CA 94112

Please have the carrier serving the address on the enclosed official letter complete the certification below showing deliver, and then return the certification to this office.

Personal delivery to the addressee is not required; placement of the letter in the mail receptacle at the address will be considered as delivery to the addressee.

However, if the addressee has moved and did not file a change of address, please endorse the letter accordingly and return it together with this memorandum.

Thank you,

JOVENCIO RAMIRO
A/MGR OPERATIONS
North Peninsula Delivery Distribution Center

Delivered to:  RODOLFO VELASQUEZ
               58 LOBOS STREET
               SAN FRANCISCO, CA 94112-3020

Date Delivered: _____

Approximate Time of Delivery: _____

Carrier's Signature: _____

Enclosure(s)

cc:  File (5DL)

1625 ROLLINS RD
BURLINGAME CA 94010-2301
650-552-1010
FAX: 650-552-1090

7004 2510 0000 0994 6010

R. Velasquez
58 Lobos St.
S.F. CA 94112

U.S. Postal Service
CERTIFIED MAIL RECEIPT
OFFICIAL USE

FROM: PERSONNEL SERVICES    FAX NO.: 4155505404    Jun. 06 2008 10:42AM P3