JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney
JOANN M. SWANSON (CABN 88143)
Chief, Civil Division
NEILL T. TSENG (CABN 220348)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7155
    FAX: (415) 436-6748
    neill.tseng@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RODOLFO VELASQUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROL A. CROTEAU, Manager Personnel Services, and UNITED STATES POSTAL SERVICE,<br><br>    Defendants. | No. C 08-02520 JSW<br><br>[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

**I.    INTRODUCTION.**

    Before the Court is Defendants' Motion to Dismiss (the "Motion"). Having considered the arguments on record, the evidence before the Court, and the applicable legal authority, the Court hereby GRANTS Defendants' Motion to Dismiss and ORDERS the clerk of court to dismiss Plaintiff's complaint with prejudice and enter judgment in favor of Defendants.

**II.    STATEMENT OF FACTS.**

    Plaintiff has been an unassigned Mail Processing Clerk since beginning full-time employment with the United States Postal Service (the "USPS") in 1984. Decl. of Carol A. Croteau (filed May 22, 2008) ("Croteau Decl.") ¶ 4. Most recently, before being assigned to the position at issue in this litigation, he was an unassigned Mail Processing Clerk, level PS-05, in the San Francisco Processing and Distribution Center. Id. By "unassigned," that means Plaintiff

did not have a permanent position but had the right to bid on assigned positions. Id. ¶ 3. Employees in assigned, or bid, positions, have a permanent position unless the position is changed, abolished, or downsized. Id. Although the USPS has advised Plaintiff several times over the years to bid on positions, see Compl. at Exs. 2, 4, 5, he has never done so, Croteau Decl. ¶ 5.

On August 7, 2007, the San Francisco district began a downsizing pursuant to Article 12 of the Agreement Between the United States Postal Service and American Postal Workers Union, AFL-CIO (the "2006 National Agreement"). Id. ¶ 6; Ex. A at 56-70.[1] Pursuant to that downsizing, the USPS sent Velasquez a letter dated April 15, 2008, requiring him to bid on positions by May 1, 2008, or else be assigned to any of the available positions remaining after all the choices had been exhausted, pursuant to Article 37, Section 4 of the 2006 National Agreement. Croteau Decl. ¶ 7; Ex. B. Sixty-one other unassigned employees received a similar notice. Croteau Decl. ¶ 8; Ex. C.

Plaintiff did not bid on a position and therefore was assigned effective May 24, 2008, to the job of Mail Processing Clerk, at the same PS-05 level, at the North Peninsula Delivery and Distribution Center in Burlingame, California, in accordance with Article 37.4.C.5 of the 2006 National Agreement. Croteau Decl. ¶ 9; Exs. A at 193-94, D, E. Via letter dated April 28, 2008, Plaintiff was also notified that he should submit a reasonable accommodation form, which was enclosed, to the DRAC with respect to any medical restrictions. Croteau Decl. ¶ 11; Ex. F. Plaintiff failed to do so. Croteau Decl. ¶ 12.

Instead, he filed a complaint and TRO Application in this action on May 19, 2008, naming as defendants "Carol A. Croteau, Manager Personnel Services," as well as the USPS. Plaintiff alleges claims for disability discrimination under the ADA (Compl. §§ IV - VI), for misrepresentation and deceit (Compl. § VII), and for contempt (Compl. § IX).

The USPS construed Plaintiff's complaint and TRO Application as a constructive request to the DRAC for a reasonable accommodation, and scheduled a meeting for Velasquez on May

---

[1] Exhibits A through G cited herein are attached to the Croteau Decl. filed on May 22, 2008.

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
C 08-02520 JSW                                        2

28, 2008, at 10:30 a.m.  Croteau Decl. ¶ 13; Decl. of Adam Alvarez (filed July 18, 2008) ("Alvarez Decl.") ¶ 3; Ex. A attached to Alvarez Decl.  However, Velasquez did not show up to that meeting.  Alvarez Decl. ¶ 5.  Nor has Velasquez shown up for work since May 29, 2008, and he has been considered Absent Without Leave (AWOL) since that date.  Decl. of Jovencio Ramiro (filed July 18, 2008) ¶ 3; Ex. H, attached to Defendants' Motion to Dismiss.  Velasquez did request EEO counseling concerning his May 24, 2008 assignment to the Burlingame facility, but has not filed an EEO complaint regarding that assignment.  Second Decl. of Robert E. O'Connell (filed July 18, 2008) ("Second O'Connell Decl.") ¶¶ 4-10; Exs. A, B attached to Second O'Connell Decl.

## III. LEGAL STANDARD.

### A. Rule 12(b)(1) Standard.

A Rule 12(b)(1) motion can attack either the sufficiency of the pleadings to establish federal jurisdiction or challenge the substance of the jurisdictional allegations despite the formal sufficiency of the complaint.  Thornhill Publ. Co. v. Gen'l Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979).  When a motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, the standard is the same as under a Rule 12(b)(6) motion.  See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988).

When a defendant challenges the actual lack of jurisdiction, the plaintiff's allegations are not presumed to be truthful, and the plaintiff has the burden of proving that the court has jurisdiction.  Thornhill Publ. Co., 594 F.2d at 733 (citation omitted).  The court may look beyond the complaint to matters of public record without converting the motion into one for summary judgment.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000) (citations omitted).

### B. Rule 12(b)(6) Standard.

Fed. R. Civ. P. 12(b)(6) permits dismissal upon the "failure to state a claim upon which relief can be granted."  Dismissal may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.  See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).  Review is limited to the contents of the complaint, and all allegations

of material fact are taken as true and construed in the light most favorable to the nonmoving party. See Federation of African Amer. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996) (citations omitted).

The Supreme Court emphasized last year in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007), that "[f]actual allegations must be enough to raise a right to relief above the speculative level." The Supreme Court also warned that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. Thus, this Court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations," Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981) (citations omitted), and "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim," In re Syntex Corp. Sec. Litg., 95 F.3d 922, 926 (9th Cir. 1996).

## IV. DISCUSSION.

### A. The ADA Claim Is Dismissed Because the ADA Does Not Apply to the Federal Government.

Plaintiff's claim for disability discrimination under the ADA is dismissed. The ADA is unavailable to Velasquez as a federal employee because "[t]he ADA explicitly exempts the federal government from coverage. Section 12111(5)(B)(I) specifies that the term 'employer' as used in the ADA does not include 'the United States government, a corporation wholly owned by the government of the United States, or an Indian tribe.'" Bolden v. Ashcroft, 515 F. Supp. 2d 127, 137 (D.D.C. 2007) (citing 42 U.S.C. § 12111(5)(B)(I)). Instead, Velasquez must proceed under the Rehabilitation Act. See Jordan v. Evans, 404 F. Supp. 2d 28, 30 (D.D.C. 2005) (stating that a federal employee has no remedy for employment discrimination under the ADA and that the Rehabilitation Act provides the exclusive remedy for a federal employee's disability discrimination claim if administrative remedies are first exhausted); see also Boyd v. United States Postal Serv., 752 F.2d 410, 413 (9th Cir. 1985) (holding that section 501 of the Rehabilitation Act is the exclusive remedy for employment discrimination by a federal agency on

the basis of handicap).

Even if the Court were to construe Plaintiff's claim as arising under the Rehabilitation Act, it would be without jurisdiction to hear the claim. A plaintiff must first exhaust administrative remedies before pursuing a Rehabilitation Act claim in district court. See Leong v. Potter, 347 F.3d 1117, 1121-22 (9th Cir. 2003); Leorna v. United States Dept. of State, 105 F.3d 548, 550 (9th Cir. 1997). Plaintiff has failed to do so. Although he requested EEO counseling regarding his reassignment to Burlingame, he has not filed an EEO complaint. Second O'Connell Decl. ¶¶ 4-10; Exs. A, B attached to Second O'Connell Decl. As a result, this Court is without jurisdiction to hear any claim that may arise under the Rehabilitation Act. See Leong, 347 F.3d at 1122 (holding that "substantial compliance with the exhaustion requirement is a jurisdictional pre-requisite").

**B.     The Court Lacks Jurisdiction Over Plaintiff's Misrepresentation and Deceit Claim.**

**1.     The Claim is Barred by Sovereign Immunity.**

The federal government enjoys immunity from suit "except to the extent that it has unequivocally consented to litigation against itself." LaBarge v. County of Mariposa, 798 F.2d 364, 366 (9th Cir. 1986). The FTCA acts as a limited waiver of this sovereign immunity for tort claims. Cadwalder v. United States, 45 F.3d 297, 300 (9th Cir. 1995). In alleged torts committed by employees of the United States in the scope of their employment, the FTCA is the exclusive remedy against the United States. 28 U.S.C. § 2679(b)(1). Here, Plaintiff has sued defendant Croteau in the scope of her employment, naming her in the caption of the complaint as "Carol A. Croteau, Manager Personnel Services."

Plaintiff's misrepresentation and deceit claim is barred by sovereign immunity because there is a statutory exception to the FTCA's waiver of sovereign immunity for misrepresentation and deceit claims. See 28 U.S.C. § 2680(h). That statutory exception deprives the Court of jurisdiction over Velasquez's claim. See Mundy v. United States, 983 F.2d 950, 952 (9th Cir. 1993) ("When a claim falls within a statutory exception to the FTCA's waiver of sovereign immunity, the court is without subject matter jurisdiction to hear the case.").

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
C 08-02520 JSW                                    5

### 2.  Plaintiff Has Not Exhausted Administrative Remedies.

Even if Plaintiff's misrepresentation and deceit claim was not barred by sovereign immunity, it would warrant dismissal for failure to exhaust administrative remedies. The FTCA requires a plaintiff to submit an administrative claim before filing suit in federal court:

> In a claim for damages against the United States, an independent cause of action must first be submitted for administrative review before that claim can be filed in federal court. See 28 U.S.C. § 2675(a). Where such a claim is not first presented to the appropriate agency, the district court, pursuant to Federal Rule of Civil Procedure 12(b)(1), must dismiss the action for lack of subject matter jurisdiction. See McNeil v. United States, 508 U.S. 106 [parallel citations omitted] (1993).

Goodman v. United States, 298 F.3d 1048, 1054-55 (9th Cir. 2002).

Plaintiff has not submitted an administrative claim regarding the misrepresentation and deceit claim. Second Decl. of Linda K. Crump (filed July 18, 2008) ¶¶ 4-6. Thus, the Court lacks jurisdiction over that claim.

### C.  The Complaint Fails to State a Contempt Claim.

The complaint at section IX contains a claim that Defendants are acting in contempt of court. Velasquez admits, however, that "Plaintiff at the filing of this claim did not submit more information of said lawsuit other than mention it . . . and he has not time at this time to provide more details of the mentioned lawsuit adjudged in this Court." Compl. ¶ 35. Since then, Plaintiff has filed no other pleading or document identifying the alleged lawsuit. Plaintiff's vague "mention" of a claim[2] without any details fails to satisfy Fed. R. Civ. P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Therefore, the claim is dismissed under Rule 12(b)(6). Cf. Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003) ("To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule

---

[2] According to PACER, Velasquez has filed four previous claims against the USPS in this court (95-1579 CW, 92-3079 BAC, 99-3789 MJJ, and 92-5006 BZ). It appears from the docket sheets that all of those actions were dismissed. See 95-1579 CW (Docket #29, 32); 92-3079 BAC (Docket #42, 56, 61), 99-3789 MJJ (Docket #13, 16), 92-5006 BZ (Docket #104).

1  8(a)(2).").

2  ## V. CONCLUSION

3  For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss and ORDERS the clerk of court to dismiss Plaintiff's complaint with prejudice and enter judgment in favor of Defendants.

IT IS SO ORDERED.

DATED: _____

HON. JEFFREY S. WHITE
United States District Judge