1  Rodolfo Velasquez
   58 Lobos Street
2  San Francisco, CA 94112

3  (415) 251-3566

4
   Plaintiff in:
5  Propia Persona

6

7              IN THE UNITED STATES DISTRICT COURT FOR THE
8                   NORTHER DISTRICT OF CALIFORNIA
                        SAN FRANCISCO DIVISION
9

10

11

12  RODOLFO VELASQUEZ,                    Case No. C-08-02520-JSW

13            Plaintiff,                  PLAINTIFF RODOLFO VELASQUEZ'
                                          OPPOSITION TO DEFENDANTS'
14  Vs                                    MOTION TO DISMISS

15

16                                        Date:  October 17, 2008
    JOHN E. POTTER,                       Time:  9:00 am
17  CAROL A. CROTEAU                      Ctrom: 2, 17th Floor
    Manager Personnel Services.           Hon.:  Jeffrey S. White
18

19            Defendants.

20

21

22                                    I

23                              INTRODUCTION

24
        Plaintiff Rodolfo Velasquez is been working for the United State Postal Service since
25
    October 3, 1983.    Mr. Velasquez was hired by Defendants as a qualified handicapped person
26
    under the State of California and the Federal Government's program in the early 80's.
27
                                          1
28  Plaintiff's Opposition to Defendants'
    Motion to Dismiss

Since March 27, 1992, until May 7, 2008, sixteen years and two months Plaintiff was requesting from Defendants a job clarification, however Defendants disregarded his requests. **See Exhibit No. 1 (Three letters dated: March 27, 1992; April 22, 2008 and May 7, 2008)**

In May 24, 2008, Defendants assigned the Plaintiff in a job called "OCR/BCS." See **Exhibit No. 2**

On several occasions Plaintiff showed up to Bid and Promotions Department with Defendants to clarify his employment status. Defendants' Bid and Promotions executive Margaret Price informed the Plaintiff in all occasions as well to an American Postal Workers Union's Representative Steve Kwok that Plaintiff's job assignment was valid and it meet the requirements issued on his behalf at his employment hiring in 1983, and it wouldn't be a reason for Plaintiff to submit a new bid.

### PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS OPPOSITION TO U.S. POSTAL SERVICE'S MOTION TO DISMISS HIS COMPLAINT

Defendants requested the Court a dismissal of Plaintiff's complaint under the theory of:

1)    "Whether Plaintiff's claim under the Americans with Disabilities Act (the "ADA") should be dismissed because the ADA does not apply to the federal government."

2)    "Whether Plaintiff's claim for misrepresentation and deceit is barred by sovereign immunity."

3)    "Whether Plaintiff's claim for misrepresentation and deceit should be dismissed for failure to exhaust administrative remedies."

4)    "Whether the complaint fails to state a contempt claim."

2

1    Plaintiff Rodolfo Velasquez opposes Defendants' INTRODUCTION section of their
2    MEMORANDUM, beginning at Page 2, lines 11 through 23.    The entire section provides
3    erroneous, conflicting and misleading information to the Court that can cause confusion and it
4    will prevented it to render a fair and just decision on the subjected case.    Defendants cited on
5    their brief: **"Plaintiff Rodolfo Velasquez ("Velasquez" or "Plaintiff") erroneously believes**
6    **that he is in a bid, or assigned, position, which is essentially a permanent position, when he**
7    **is actually in an unassigned position.    In April 2008, Velasquez was informed that his**
8    **position was being eliminated pursuant to a district-wide downsizing…"**
9
10   Plaintiff denies Defendants' contention that he was informed that his position has been
11   eliminated.    Plaintiff never has heard from anyone within Defendants any information or
12   communication that his position has been eliminated due to the downsizing or any other reason
13   as Defendants claimed.    Plaintiff demanded to Defendants to produce such communication to
14   offset Counsel's contention addressed in his brief for dismissal.    Further, Plaintiff complaints
15   with the Court now that even assuming the downsizing Defendants claimed as valid reason to
16   eliminate Plaintiff's position; however the newest employees' position must be eliminated first.
17   This Court should take notice, Plaintiff [is not] the junior employee within his working unit,
18   there are other employees at present with less seniority and they are holding their jobs in
19   Plaintiff's working unit 030 as usual, while Plaintiff is struggling with Defendants for job re-
20   instatement.    Counsel is altering the issue and disrespecting the Court by addressing something
21   that is not true, and as a matter of fact, violates the contract agreement between the United States
22   Postal Service and the American Postal Workers Union, Articles 2, 12, 13, 15 and 19.  **See**
23   **Exhibit No. 3**
24
25
26
27
28

**3**

1    **Exhibit No. 3**: included 8 pages: First page: Letter dated July 9, 2008 from the Vice

2    President of American Postal Workers Union Jeoffray Dumaguit Jr., addressed to Adam Alvarez.

3    Mr. Dumaguit addressed to Adam Alvarez Manager of Labor Relations for Defendants three

4
5    issues to be resolved in Plaintiff's case.    First issue **(marked as document No. 2)**, one of the

6    documents provided to Mr. Alvarez cited, that Plaintiff was placed into a job number 1393949

7    on March 31, 1984[1]    Mr. Demaguit's letter continue addressing, that the subjected job ended

8    on November 13, 1992, eight years and eight months later.    Second **(marked as document**

9    **No. 3)**, Mr. Demaguit addressed to Mr. Alvarez a second document that cites: Plaintiff was

10   placed in a second job number 8522774 beginning on November 14, 1992, and ended on

11   September 14, 2007.    Mr. Dumaguit argued that a violation has committed on this instance by

12
13   Defendants, because an unassigned employee cannot be moved from one position to the other

14   unless into a residual position.    The Court should know, that both Plaintiff and the Union's

15   Representative ended against the wall requesting from Defendants same request of information

16   as how Defendants notified the Plaintiff of those employment moves without authorization of the

17   American Postal Workers Union, and as of the filing of this brief, Defendants has not responded

18   to either one.    It's believe, that during the Discovery Procedure in this case, Defendants could

19   be forced to produce documentation helpful to dispose this matter.    Third and last, Mr.

20
21   Dumaguit argued in his letter: **"As you are aware Mr. Alvarez, there is a National**

22   **Memorandum on this issue and I believe this Memorandum applies on both voluntary and**

23   **involuntary bid awards because the concept of this Memorandum is to prevent employees**

24

25   [1] The Court is informed that March 31, 1984, is the date of Plaintiff's seniority started counting.

26   The Court also should know, that Defendant informed Velasquez of this assignment on a letter dated
     March 26, 1984, and the main substance on the letter reads: "You salary will be $ 20,839 annually.  You
27   will be assigned to job # G3C 1707..."  **See Exhibit No. 1 attached to the First Amended Complaint.**

                                                          4
28   Plaintiff's Opposition to Defendants'
     Motion to Dismiss

from being placed into bid assignments they cannot perform since it makes no sense to do so. **What does management intends to accomplish by placing employees into assignments that management clearly knows they cannot perform? I will expect a response from you on this by Tuesday of next week as you has stated"** This Court should be notify as of the filing of this brief, Mr. Alvarez has not respond.

Defendants are asking the Court to dismiss Plaintiff's complaint, because he did not accept a meeting with a District Reasonable Accommodation Committee ("DRAC"). Plaintiff Rodolfo Velasquez was caught in the middle, in one side Defendants were offering to Plaintiff voluntarily to accept a meeting with DRAC, on the other hand, the American Postal Workers Union advised the Plaintiff not to attend the meeting for the following reasons: At first, the DRAC Committee is [not] recognized by the American Postal Workers Union as unit contemplated in the bargaining contract, and therefore the meetings should strictly be conducted according to the employee's interest and in the voluntary basis. Second, because according to the American Postal Workers Union, Plaintiff has his original job assignment in accordance with the documentation submitted by Defendants to Mr. Dumaguit, and therefore, Plaintiff is not obligated to accept another assignment, because he holds a valid job assignment within the meanings of the national agreement contract that dictates the job validation within the U.S. Postal Service.

Last, Defendant continues citing on its brief same page 2: **"The complaint should be dismissed for lack of subject matter jurisdiction and/or for failure to state a claim."** On August 13, 2008, Plaintiff received the right to sue rendered by the Equal Employment Opportunity Office and on August 25, 2008, the American Postal Workers Union also submitted to Plaintiff its letter of right to sue, therefore Defendants' request to dismiss Plaintiff's complaint

5

Plaintiff's Opposition to Defendants'
Motion to Dismiss

1    under the theory of subject matter jurisdiction is met and Defendant shouldn't' request dismissal

2    under this theory.   **See Exhibit No. 4, (including both letters of right to sue).**     In regard

3
     Plaintiff's failure to state a claim, Plaintiff believes that his first amended complaint meets the
4
     requirement to assert a claim within the requirements of the U.S. District Court.  Plaintiff's
5
6    complaint addressed sufficient facts to construe a valid claim under the contentions of the

7    complaint.

8

9                                         **ARGUMENT**

10          **Legal Standard in Opposition to Defendant's Motion to Dismiss.**

11          **Plaintiff's opposition to Defendants request to dismiss his complaint pursuant to**
12   **Rule 12(b)(1).**

13          On August 13, 2008, the EEO Office dismissed Plaintiff's administrative complaint and

14   instructed Velasquez to go to U.S. District Court, under these circumstances, the EEO opened the

15   door for this complaint to go forward to U.S. District Court, and on August 25, 2008, American

16
     Postal Workers Union did the same.  **See Exhibit No. 4 for both agencies decisions.**
17

18          Defendants presumably are referring to Rule 12(b)(1) of the Federal Rule of Civil

19   Procedure to request dismissal of Plaintiff's complaint.    Rule 12 also establishes, that, when

20   there were contested questions of fact as to whether the district court or the Court of International

21   Trade had jurisdiction over the action, it was an abuse of discretion for district court to dismiss

22   under Rule 12(b)(1) without holding a hearing to resolve the issue.  *Commodities Export Co. v.*

23   *U.S. Customs Service, 888 F.2d 431 (6th Cir. 1989).*    In connection with defeating a motion to

24
     dismiss for lack of subject matter jurisdiction, the court of appeals in *Majd-Power v, Georgianna*
25
     *Community Hospital, Inc., 724 F.2 901 (11th Cir. 1984),* held that it was an abuse of the district
26
27   court's discretion to prematurely dismiss an action under Rule 12(b)(1) without affording

                                              6
28   Plaintiff's Opposition to Defendants'
     Motion to Dismiss

1  plaintiff the opportunity to proceed with reasonable discovery, which he alleged would

2  demonstrate jurisdictional facts.   It's understood that on this instance the circumstances at the

3  present time between Plaintiff and Defendants does not apply hereto, because, Plaintiff

4  satisfactorily has been exhausted the administrative remedies required by the District Court to

5  gain jurisdiction over this matter.

6

7

8  **Plaintiff's opposition to Defendants' request to dismiss his complaint pursuant to Rule**
   **12(b)(6)**

9

10  A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6), or a motion

11  for judgment on the pleadings under Rule 12(c), may be treated as a motion for summary

12  judgment under Rule 56.

13  The motion to dismiss under Rule 12(b)(6) performs the same function as the old general

14  demurrer, in that it admits the well-pleaded material allegations of the complaint, *Hospital Bldg.*

15  *Co. v. Trustees of the Rex Hospital, 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976); Kugler*

16  *v. Helfant, 421 U.S. 117, 125 n.5. 95 S.Ct. 1524, 44 L.E.2d 15 (1975),* but denies their legal

17  sufficiency.   Consequently the motion will not be granted unless it appears to a certainty that

18  plaintiff is entitled to no relief under any state of facts which could be proved in support of the

19  claim.   *Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.E.2d 652 (1972); Watts v. Graves,*

20  *720 F.2d 1416 (5th Cir. 1983); See Paolini v. Home Centers, 668 F.2d 721 (3rd Cir. 1981)*

21  (dismissal was improper where the material allegations of plaintiff's complaint, viewed in their

22  most favorable light, were legally to establish a claim); See also *Ronzani v. Sanof S.A., 899 F.2d*

23  *1995 (2nd Cir. 1990),* citing: "Where the dismissal of an action for failure to state a claim without

24

25  granting leave to amend to correct deficiencies in the pleading was an abuse of discretion"

26

27

28  **Plaintiff's Opposition to Defendants'**
    **Motion to Dismiss**

7

1  Plaintiff has made available to Court sufficient evidences supporting fully the fact allegations

2  included in his complaint and those evidences to be presented to a jury to prove discrimination

3  committed by Defendants against the handicapped Plaintiff that has been working for Defendants

4  for 25 years.

5

6

7  **Plaintiff opposes Defendants' contention that the ADA Claim should be Dismissed because the ADA does not Apply to the Federal Government.**

8

9  Plaintiff disclosed in his complaint that Defendants violated the provisions cited on the

10  American with Disabilities Act prohibiting discrimination against the handicapped people.

11  Senseless, Defendants focused themselves on the literature of the complaint, rather than to focus

12  on the facts of the complaint.      Mentioning the ADA in the complaint, does not prevent the

13  right of Plaintiff to apply any other laws at later time in the proceeding in order for the complaint

14  to be disposed appropriately.   The complaint addressed facts sufficient to construe a claim, and

15  the laws applied to it can be applied at later developments of the case.      The American with

16
17  Disabilities Act, or the Rehabilitation Act 1973 can be applied on the case at any time after the

18  case filing, it does not necessarily mean that because one of the laws was not mentioned in the

19  complaint would be sufficient reason for the case to be dismissed.   The Court alternatively

20  should give leave to amend the complaint in order for the Plaintiff to satisfy Defendants'

21  argument, or in the alternative, the Court should disregard Defendants' contention on the issue

22  and go forward to set the next stage on this matter.

23  Defendants argued, that Plaintiff did not exhaust the administrative remedies in order to

24
25  gain Court's jurisdiction.  Now the administrative remedies are exhausted, it was just a matter of

26  time.  **See Exhibit No. 4 (infra)**

27

28  **Plaintiff's Opposition to Defendants' Motion to Dismiss**

8

**Plaintiff opposes Defendants requesting the Court's lack of Jurisdiction Over Plaintiff's Misrepresentation and Deceit Claim.**

Tile 28 U.S.C. § 2679(b)(1) begins with the phrase: "The remedy against the United States provided by sections 1346 (b) and 2672 of this title for injury or loss of property…" The Court should reasoning, what kind of injury Plaintiff has suffered in the hands of Defendants? The answer should be, that Plaintiff suffered mainly financial loss by the fact, that Plaintiff as of the filing of this opposition does not have any income from his job with Defendants, in addition he suffered pain and anguish as normal human reaction.   So the guise LLL in this case to find the remedy the Court should apply the provisions cited on Title 28 U.S.C. §§ 1346(b) and 2672. Counsel for Defendants misconstrued the provision of Title 28 U.S.C § 2679(b))1) to dispose Plaintiff's cause of action of Misrepresentation and Deceit.

Defendants' counsel made his second attempt to confuse the court, now addressing to it, that Defendant United States Postal Service is immune of liability pursuant to 28 U.S.C. § 2680(h) preventing the Plaintiff to obtain a proper remedy to his claim.   Section 2680(h), is merely established to be applied on the [criminal side], counsel for Defendants perhaps forgot that Plaintiff's complaint is merely civil claims and be governed by civil laws rather than criminal laws, therefore, the Court should disregard counsel's contention and deny his motion in order to open the door for the Plaintiff to obtain a remedy to his employment grievance.


**Plaintiff Opposes Defendants' Contention that Plaintiff Has Not Exhausted Administrative Remedies.**

Plaintiff Rodolfo Velasquez submits to the Court and Defendants two exhaustion of administrative remedies, one issued by the Equal Employment Opportunity Office and the other issued by the American Postal Workers Union, see them marked as: **See Exhibits No. 4**

9

Plaintiff's Opposition to Defendants'
Motion to Dismiss

1
.2

With the submission provided by the Plaintiff, it's believes the administrative remedies has been

exhausted satisfactorily to avid dismissal of his complaint.

3

4
5

**Plaintiff Opposes Defendants' Request the Complaint Fails to State a Contempt Claim.**

6
7
8
9
10
11
12
13
14
15
16

As of the filing of this opposition to Defendants' motion to dismiss Plaintiff's complaint,

Plaintiff has had no time to go to San Bruno California to see physically the original filing of the

complaint filed by Plaintiff against the Defendant United States Postal Service claiming civil

rights violation.    Velasquez is been caught in a mountain of paper work on this matter and his

bankruptcy case filed in July 2008 consequently due to loss of job income. The Court should

knows, that Plaintiff is not receiving any job income since May 24, 2008 and the bills do not wait

until the conclusion of this case, therefore, forcing the Plaintiff to declare himself in bankrupt.

Plaintiff is certain, that he will go to San Bruno California as soon as possible to copy the court

order issued on that matter where Velasquez claimed civil rights violations by the U.S. Postal

Service, now is just a matter of small time and Plaintiff will provide a copy to the court.

17

18

CONCLUSION

19
20
21
22

For the foregoing reasons above cited, this Court should deny Defendants' Motion to

Dismiss Plaintiff's Complaint.    Plaintiff believes that the administrative remedies are been

exhausted on this matter, and therefore, Plaintiff's complaint should be set for trial.

23

Dated: August 29, 2008

24
25
26
27

Respectfully Submitted

Rodolfo Velasquez
Plaintiff in:
Propia Persona

10

28

Plaintiff's Opposition to Defendants'
Motion to Dismiss

March 27, 1992

Linda Shumate
United State Postal Service          RE: WED11&LS:WHill:by/una:9421
1300 Evans Avenue
San Francisco, CA 94188-9998

Dear Mrs. Shumate:

    This is to answer your letter dated March 13, 1992, first according
to my records I am not an assigned postal employee my job number is G3C-
1707. if you gave my job to somebody else this may be  a  terrible error
from your department that it should be correct it immediately.

    If you insist to assign me on a residual position, I may  have  the
right to look for a legal protection.

    Therefore, inform me immediately of any decision that you  may make,
for me to have the opportunity in response to yours I   believe erroneous
status.

                                   Very Truly Yours

                                   Rodolfo Velasquez
                                   S.S.N. 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
                                      P.L. 383.

April 22, 2008

Carol A. Croteau
U.S. Postal Service
P. O. Box 881013
San Francisco, Ca 94188-1013

Dear Ms Croteau:

This letter is in response of your letter dated April 15, 2008.   I'm sorry at this time, but I cannot honor your request.    Please be advised, that I will not follow your instructions until you answer my questions.    So, please reply immediately in order to settle our dispute of the issues involved in your letter:

- Please inform me immediately; what makes you to believe that I'm unssigned employee?

- Please inform me immediately; what did you do with my bid No. **G3C-1707?**

Please be informed, soon as you answer my questions we will go to the next step of my strongly dispute of your attempts to force me to bid, when in fact I don't have to according to my record.

If you have any questions in regard this letter, do not hesitate to contact me at: (415) 239-4539.

Very Truly Yours

Rodolfo Velasquez



# Exhibit No. 2



**UNITED STATES**
**POSTAL SERVICE**

May 12, 2008

RODOLFO VELASQUEZ
XXX-XX-4179
Mail Processing Clk
Unassigned Regular
PL 381

SUBJECT:   **ASSIGNMENT OF UNASSIGNED REGULAR**

Effective Saturday, May 24, 2008, you will report to North Peninsula Delivery and
Distribution Center at 1625 Rollins Rd., Burlingame, CA :

**Job # 95798286  Job Title: Mail Processing Clerk**
**Section: NPDDC T-1 OCR/BCS    PL: 142**
**Schedule: 2300-0730, Tue-Wed days off**

This action is taken in accordance with Article 37.4.C.5., National Agreement.

Carol A. Croteau
Manager , Personnel Service

cc:  SMDO T- 3
     Manager, NPDDC
     In Plant Support
     Labor Relations
     APWU
     FILE

FAX:

# Exhibit No. 3



APWU SAN FRANCISCO LOCAL
1239 HOWARD STREET
SAN FRANCISCO, CA 94103
TEL. (415) 522-1920 • FAX (415) 355-1931

## American Postal Workers Union, AFL-CIO

**Bob Williamson**
*President*

**Geoffray Dumaguit**
*Vice President*

July 9, 2008

Adam Alvarez
Manager, Labor Relations
1300 Evans Ave.
San Francisco, CA. 94188

In reference to Mr. Rudy Velasquez, I am sending you copies of several documents for your review. One of the document shows that he was placed into job number 1393949. beginning 05/31/84 and vacated this position on 11/13/92. Another document shows he was placed into job # 8522774 beginning 11/14/92 and vacated this position on 09/14/07. Bids and Promotions claims that Mr. Velasquez was placed into both positions as an unassigned. First, both you and I know that unassigned clerks cannot be moved from one assignment to another unless it is into a residual assignment so this claim cannot be true. Second, if you look at both jobs, the reporting time and days off remained the same, additionally Mr. Velasquez has been performing the same work in the same area since the beginning. So was the job number simply changed because it does not look like he was moved to another assignment since nothing really changed. If management still wants to continue insisting that Mr. Velasquez did not have a bid then I request that you provide me with copies of the letter or notice given to Mr. Velasquez placing him into job # 1393949 and job # 8522774. Similarly, I am requesting for the same notices given to him vacating him from these two assignments. Finally. we still have the issue that Mr. Velasquez cannot perform the residual assignment currently being given to him As you are aware there is a National Memorandum on this issue and I believe this Memorandum applies on both voluntary and involuntary bid awards because the concept of this Memorandum is to prevent employees from being placed into bid assignments they cannot perform since it makes no sense to do so. What does management intend to accomplish by placing employees into assignments that management clearly knows they cannot perform ? I will expect a response from you on this by Tuesday of next week as you had stated. Thank you.

Sincerely

Geoffray Dumaguit Jr.
Vice President, SF APWU

cc: file

Doc 1

TC91  SAN FRANCISCO CUST SVC DISTRICT
R0083

HUMAN RESOURCES INFORMATION SYSTEM
DETAILED JOB DESCRIPTION BY ID

PAGE:        1
REQUESTED:  06/02/08  09:53:34
PRODUCED:   06/02/08  09:53:45

JOB ID: 1393949

INSTALLATION: BG31 SAN FRANCISCO POST OFFICE

POSITION CLASS: CLERK

POSITION TYPE: FULL TIME

DIST CLK
OCC CODE: 231504XX  FACILITY: SAN FRANCISCO P & DC    ORG NAME:    SAPNO
STD NO: KP12       WORK AREAS:                                              D/A: 110
                   REVERTED
              VACATED BY    VELASQUEZ,    RODOLFO
                            NO SCHEMES FOR THIS JOB
                            NO SKILLS FOR THIS JOB
                            NO LICENSES FOR THIS JOB
SCHEDULE NO: 00751  START: 1830    END: 0300
COMMENTS: FULL TIME/UNASSIGNED
          ASSIGNED TO PL 384
          SUPERINTENDENT TOUR 3/GMF/G.M.LIEU REQUESTS REASSIGNMENT OF
          P/L FROM 387 TO 383.12-28-91.

RSC:  P  LEVEL:   05
          TOUR:    3
PAY LOCATION: 383

ORG ID: BG310829

SECTION:  SAPNO*286
          LDC: 1400

VACATED ON:  11/13/92

DAYS OFF: WED/THU
          DISTRIBUTION CLERK/GMF

TC91  SAN FRANCISCO CUST SVC DISTRICT
R0083

HUMAN RESOURCES INFORMATION SYSTEM
DETAILED JOB DESCRIPTION BY ID

REQUESTED: 06/02/08 09:53:34
PRODUCED:  06/02/08 09:53:45
PAGE: 2

INSTALLATION: TA93  SAN FRANCISCO PROC/DIST CTR

JOB ID: 8522774

POSITION CLASS: CLERK

POSITION TYPE: FULL TIME

RSC: P  LEVEL: 05
         TOUR:  3
PAY LOCATION: 381

MAIL PROCESSING CLK   ORG ID: TA930126   ORG NAME:  T-III UNASSIGNED REGULAR UNIT
OCC CODE: 23150063   FACILITY: SAN FRANCISCO P & DC        SECTION: SAPNO*281
STD NO: SP2946   WORK AREAS: MANUAL LETTERS        D/A: 110     LDC: 1400
                 VACANT NO ACTION TAKEN
         VACATED BY:  VELASQUEZ     RODOLFO              VACATED ON: 09/14/07
                 NO SCHEMES FOR THIS JOB
                 NO SKILLS FOR THIS JOB
                 NO LICENSES FOR THIS JOB
SCHEDULE NO: 00751  START: 1800  END: 0300  DAYS OFF: WED/THU
COMMENTS: CONVERTED FROM OCC CODE 23150XXX PER APWU MOU 5/9/02

************************************************
*******    END OF REPORT R0083    *******
************************************************

DOC 3

PRAM0419
PAGE    1

EMPLOYEE HISTORY
PLACEMENTS

MPLOYEE : 571 51 4179   VELASQUEZ   RODOLFO
STALLATION:



| JOB SLOT | INST | BEGIN DATE | END DATE |
| ID | ID | | |
| 8522274 | TA93 | 1992 11 14 | 2007 09 14 |
| 1393949 | BG31 | 1984 03 31 | 1992 11 13 |

CT ALL:

USPS RESTRICTED INFORMATION.

12 DISPLAY OF PLACEMENT HISTORY IS COMPLETE.

DOC 4

**From:** Del Rio, Florinda A - San Francisco, CA
**Sent:** Fri 6/13/2008 12:43 AM
**To:** Williams, Eileen E - San Francisco, CA
**Subject:** FW: Rudy Velasquez

**From:** Picart, Wilhelmina S - San Francisco, CA
**Sent:** Tuesday, May 20, 2008 6:38 AM
**To:** Del Rio, Florinda A - San Francisco, CA
**Subject:** RE: Rudy Velasquez

It will be in an iter-office envelope.

> -----Original Message-----
> **From:** Del Rio, Florinda A - San Francisco, CA
> **Sent:** Monday, May 19, 2008 5:08 PM
> **To:** Picart, Wilhelmina S - San Francisco, CA
> **Subject:** RE: Rudy Velasquez
>
> Mimi,
>
> Thank you. If you have the copy of the no bid for employee Rudy Velasquez I would
> appreciate it if you can provide me the copy for a possible grievance procedures.
>
> Thanks,
> Florinda
>
> **From:** Picart, Wilhelmina S - San Francisco, CA
> **Sent:** Monday, May 19, 2008 7:27 AM
> **To:** Del Rio, Florinda A - San Francisco, CA
> **Cc:** Lambino, Theresa S - San Francisco, CA
> **Subject:** RE: Rudy Velasquez
>
> According to records, he has been unassigned since 11/1992. He has
> NO BID.
> If you want a copy of his job ( not bid), let me know.
>
> Mimi
>
> > -----Original Message-----
> > **From:** Del Rio, Florinda A - San Francisco, CA
> > **Sent:** Friday, May 16, 2008 10:38 PM
> > **To:** Picart, Wilhelmina S - San Francisco, CA
> > **Cc:** Lambino, Theresa S - San Francisco, CA
> > **Subject:** Rudy Velasquez
> >
> > Mimi,
> >
> > Employee Rudy Velasquez received a notification letter informing him

DCC 5

that he is to report at NPDDC effective May 24 because he is
unassigned clerk.

According to the information we have at the tour office employee has a
bid 1393949. I don't know if this bid is old. Please advice.

Thanks,
Florinda

DOC 6

Local Grievance: 08CH*12*

## STEP ONE SETTLEMENT

Date: __May 28, 2008__

Labor Relations
Room 378
P&DC
1300 Evans Avenue
San Francisco, CA 94188

Grievant: Rudy Valasquez
SSN: ____ __ _____
Discipline (nature of) or __Improper Reassignment__
Contract (issue)   Art. 2, 12, 13, 15, and 19 _____

In a Step One meeting concluded on May 28, 2008 between Steward Cindy Hwang  SDO. Ofelia Decena and me. the grievance was resolved as follow:

Issue:  Management improperly reassigned the grievant and involuntarily assigned a residual bid.  The grievant is not an unassigned clerk and has worked in the same assignment for over 20 years.  On Saturday May 24, 2008 that grievant was not allowed to clock in and has been on leave since.

Remedy:  Make the grievant whole.  Including but not limited to reimbursement of leave, wages, overtime, holiday, and night differential.  Place employee back into his original assignment immediately.

The step one decision will be extended until Monday June 2, 2008 when SDO Eileen Williams returns from leave.

This agreement is made without precedence or prejudice to either party. On completion all parties should have a copy and the supervisor is to forward a Form 2608 to Labor Relations at the above address.

UNION REPRESENTATIVE

MANAGEMENT REPRESENTATIVE

DOC 7

| DISCIPLINE (Nature of) or CONTRACT (Issue) | CRAFT | DATE | LOCAL GRIEVANCE # |
|---|---|---|---|
| 1 Improper reassignment | Clerk | 06/16/08 | 08GTD209 |

| TO USPS STEP 2 DESIGNEE | INSTALLATION | | PHONE # |
|---|---|---|---|
| 2 Labor Relations | SF P&DC 1300 Evans Av. SF Ca. 94188 | | (415) 550-5510 |

| FROM: LOCAL UNION | ADDRESS | STATE | ZIP CODE |
|---|---|---|---|
| 3 San Francisco Local | 1239 Howard St. SF Ca. 94103 | California | 94103 |

| STEP 2 UNION REPRESENTATIVE- | | PHONE # | FAX # |
|---|---|---|---|
| 4 Geoffray Dumaguit Jr / Vice President | | (415) 522-1920 | (415) 355-1931 |

| LOCAL UNION PRESIDENT | | PHONE # | FAX # |
|---|---|---|---|
| 5 Bob Williamson | | (415) 522-1920 | (415) 355-1931 |

## STEP 1 MEETING & DECISION

| UNIT / BRANCH / SECTION | DATE | USPS REPRESENTATIVE | GRIEVANT AND/OR STEWARD |
|---|---|---|---|
| 6 by letter | 06/04/08 | CAROL CROTEAU | G. Dumaguit Jr |

| STEP I DECISION BY: | DATE | INITIALS | Initial only verifies |
|---|---|---|---|
| 7 | | | date of decision |

| GRIEVANT (Last name first) or UNION | ADDRESS | CITY | STATE | ZIP CODE | PHONE # |
|---|---|---|---|---|---|
| 8 VELASQUEZ, Rudy | | | | | |

| SOCIAL SECURITY # | SENIORITY DATE | CRAFT | STATUS | LEVEL | STEP | DUTY HOURS | DAYS OFF |
|---|---|---|---|---|---|---|---|
| 9 | | Clerk | PTF / FR | | | | |

| PAY LOCATION | WORK LOCATION | Life Time Security | VETERAN |
|---|---|---|---|
| 10 | SF P&DC 1300 Evans Ave. SF Ca. 94188 | | |

Pursuant to Art. 15 of the Collective Bargaining Agreement, we hereby appeal this grievance to Step 2 alleging violation of the following provisions (but not limited to) of the CBA:

11 Art. 15 / 37 / 5 / 19 / 2

LMOU (Art / Sec) OTHER MANUAL, POLICIES, LOCAL MEMO MINUTES, ETC

12 Detailed statement of facts or contentions by the Grievant / Union:

The grievant was improperly reassigned into a residual bid.

List of attachments

13 CORRECTIVE ACTION REQUESTED

That this improper reassignment be rescinded and the grievant returned to his former assignment and compensated for all hours lost and/or appropriate out of schedule pay.

Geoffray Dumaguit Jr.
Vice President

Doc 8

# Exhibit No. 4

National EEO Investigative Services Office ·

 *UNITED STATES*
*POSTAL SERVICE*

## UNITED STATES POSTAL SERVICE
## EQUAL EMPLOYMENT OPPORTUNITY
## IN THE MATTER OF:

RODOLFO VELASQUEZ
58 Lobos St.
San Francisco, CA 94112-3020
Complainant,

Delivery Confirmation Complainant:
0308 0070 0000 6435 3713

v.

Agency Case Number: 4F-940-0144-08

JOHN E. POTTER
Postmaster General
United States Postal Service
Pacific Area
Agency.

Date Formal Filed: July 14, 2008

## *THIS NOTICE HEREBY RESCINDS AND SUPERCEDES THE ACCEPTANCE FOR INVESTIGATION LETTER DATED JULY 31, 2008*

### DISMISSAL OF FORMAL EEO COMPLAINT

This is the Postal Service's final decision on the above-cited discrimination complaint filed on July 14, 2008.

Specific Issue(s): The Complainant alleges discrimination based on Race (Hispanic), Age (DOB: 08/20/1948), and Physical Disability (Poliomyelitis), when: Complainant became an unassigned regular employee and subsequently on May 24, 2008, he was assigned a position he cannot physically perform due to his limitations.

#### Chronology

The record reflects that Complainant requested pre-complaint processing on May 28, 2008, and was issued a Notice of Right to File Individual Complaint of Discrimination (PS Form 2579-A) on July 10, 2008. Subsequently, on July 14, 2008, Complainant filed a formal complaint of discrimination with the agency.

## Analysis and Conclusion

The regulation set forth at 29 C.F.R. 1614.107(a)(3)) allows for the dismissal of a complaint that is pending in a United States District Court in which the complainant is a party provided that at least 180 days have passed since the filing of the administrative complaint, or that was the basis of a civil action decided by a United States District Court in which the complainant was a party.

Commission regulations mandate dismissal of the EEO complaint under these circumstances so as to prevent a complainant from simultaneously pursuing both administrative and judicial remedies on the same matters, wasting resources, and creating the potential for inconsistent or conflicting decisions, and in order to grant due deference to the authority of the federal district court. See Baylink v. Department of Veterans Affairs, Appeal No. 01A53457 (September 29, 2005) (Citing Shapiro v. Department of the Army; EEOC Request No. 05950740 (October 10, 1996); Stromgren v. Department of Veterans Affairs, EEOC Request No. 05891079 (May 7, 1990); Kotwitz v. United States Postal Service, EEOC Request No. 05880114 (October 25, 1988)).

The proper inquiry to determine whether dismissal is warranted is whether the issues in the EEO complaint and the civil action are the same, that is, whether the acts of alleged discrimination are identical. See Gerald A. Curtis v. United States Postal Service, EEOC Request No. 05910400 (May 9, 1991). The factual allegations, then, and not the alleged bases or the precise relief requested are the crux of the legal analysis. Id. See generally, Woods v. Dunlop Tire Corp., 972 F.2d 36, 39 (2nd Cir.1992), cert. den., 113 S.Ct. 977 (1993) (the identity of facts surrounding the occurrence constitutes the cause of action for res judicata purposes, not the legal theory upon which plaintiff chose to frame her complaint).

Review of the record reveals that on May 19, 2008, Complainant filed Civil Action No. CV-08-2520-JSW in the United States District Court for the Northern District of California. Within the complaint, Complainant alleged that in April 2008, he became an unassigned regular employee, and subsequently in May 2008, he was assigned to a position which he is physically unable to perform. In the instant EEO complaint, Complainant alleged the following:

> Complainant became an unassigned regular employee and subsequently on May 24, 2008, he was assigned a position he cannot physically perform due to his limitations.

The Agency asserts that the issues raised in Complainant's EEO complaint and the civil action are identical. Therefore it is the Agency's contention that Complainant should be barred from pursuing the instant claim administratively.

Based on the aforementioned factors, Complainant's complaint as cited above is now **dismissed** in accordance with 29 C.F.R. 1614.107(a)(3).

## Appeal to the Equal Employment Opportunity Commission

If you are dissatisfied with this decision you may appeal to the Equal Employment Opportunity Commission within 30 calendar days of the date of your receipt of the Agency's final action,

or, if you are represented by an attorney, within 30 calendar days of your attorney's receipt of this action. The appeal must be in writing and filed with the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P. O. Box 19848, Washington, DC 20036-0848, or by personal delivery to 1801 L Street NW 5th Floor, Washington, DC 20507, or facsimile to (202) 663-7022. The complainant should use EEOC Form 573, Notice of Appeal/Petition, (attached to the agency's decision) and should indicate what he or she is appealing. Any supporting statement or brief must be submitted to the EEOC within 30 calendar days of filing the appeal. A copy of the appeal and any supporting documentation must also be submitted to the agency's designated office: National EEO Investigative Services Office, P.O. Box 21979, Tampa, FL 33622-1979. In or attached to the appeal to the EEOC, you must certify the date and method by which service of the appeal was made on the agency's office.

Failure to file within the 30-day period could result in the EEOC's dismissal of the appeal unless you explain, in writing, extenuating circumstances which prevented filing within the prescribed time limit. In this event, extending the time limit and accepting the appeal will be discretionary with the EEOC.

If you file an appeal with the EEOC's Office of Federal Operations, you may thereafter file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the Office of Federal Operations' decision. A civil action may also be filed after 180 calendar days of your appeal to the EEOC, if you have not received a notice of final action on your appeal.

Right to file a civil action

In lieu of filing an appeal with the Equal Employment Opportunity Commission, you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of this decision. If you choose to file a civil action, that action should be captioned **Rodolfo Velasquez vs. John E. Potter, Postmaster General, U.S. Postal Service**. You may also request the court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or security in such circumstances as the court deems just. Your application must be filed within the same 90-day time period for filing the civil action.

Marissa A. Haley
EEO Services Analyst

August 13, 2008

Date

Attachment:
1.   EEOC Form 573, "Notice of Appeal/Petition"



APWU SAN FRANCISCO LOCAL
1239 HOWARD STREET
SAN FRANCISCO, CA 94103
TEL. (415) 522-1929 • FAX (415) 355-1931

## American Postal Workers Union, AFL-CIO

Bob Williamson
*President*

Geoffray Dumaguit
*Vice President*

August 25, 2008

To whom it may concern

I have been requested by Mr. Rudy Velasquez to provide the following information regarding his current situation with the US Postal Service. Mr. Velasquez was hired under the State Vocational Rehab Program in 1984 based on his physical disability. Through out the years and since he was hired he had been working as a manual distribution clerk casing mail by hand and in a sitting down position. On May 24, 2008, he was given an Assignment Notice to report to an Automation job at NPDDC. Automation duties consist of an eight hour continues standing, walking and requiring both hands to manually place mail from one tray to another and then lifting the full tray with both hands which Mr. Velasquez physically cannot do. Mr. Velasquez's physical disability is clearly visible, he is required to use a crotch therefore cannot stand up for a long period of time and in the standing up position even if he could do so for eight hours, he needs one hand for the crotch and therefore would be unable to do any lifting at all with both hands.

Since this Reassignment Notice violated several of Mr. Velasquez's contractual rights he was advised not to report to his new assignment because it would be unsafe for him to perform these automation duties and because the Postal Service made no attempts at all to accommodate his physical disability. I also believe that the Postal Service has discriminated against Mr. Velasquez since there were other employees sent to NPDDC on the same date who were given accommodation based on their physical disability.

In as far as the Postal Service's argument that Mr. Velasquez would not meet with the District Reasonable Accommodation Committee (DRAC), first the invitation to meet with this committee was after the fact meaning the harm had already been done, if any it should have been prior to the Reassignment to NPDDC since Mr. Velasquez had been working the same assignment since 1984 and the Postal Service never claimed to Mr. Velasquez or the Union that the work he was doing no longer existed or was not needed anymore thus there was no justifiable reason to reassign him anywhere. Second, there is a standing dispute as to whether or not Mr. Velasquez contractually could have been reassigned elsewhere. The Postal Service claims that he was an unassigned clerk therefore subject to reassignment, the Union has Postal records showing that he had a bid assignment and therefore was not an unassigned clerk and thus not subject to



reassignment. If Mr. Velasquez did in fact have a bid assignment and was not an unassigned clerk and was already being accommodated in that bid assignment then the DRAC has no jurisdiction or for that matter has no business scheduling a meeting with him. Lastly, the invitation sent to Mr. Velasquez to meet with DRAC was purely on a voluntary basis. If employees are given a choice to say yes or no and they choose to say no then there should be no consequences imposed on them. Had this meeting been required or made known to Mr. Velasquez that he needed to attend this meeting to have a job, Mr. Velasquez would most likely have attended or the very least the Union would have advised him to go.

Finally, it is my understanding that one of the obstacles in preventing Mr. Velasquez from pursuing his case in court is because there is a grievance currently being processed at this time. If this is so and at Mr. Velasquez's request, this letter is to inform the court that I am withdrawing his case on this matter from the APWU/USPS grievance/arbitration procedure should he be allowed to proceed with his case.

I certify under the penalty of perjury that the statement I have made here is true and accurate to the best of my knowledge. I am willing to testify in court as to the statement I have made here.

Sincerely

Geoffray Dumaguit Jr,
Vice President, SF APWU